IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRAIG F. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. _____ |
| V. | ) |
| | ) |
| SOUTHERN COMPANY | ) JURY TRIAL DEMANDED |
| SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. This is an action for redress of unlawful race and/or sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) et seq. The Plaintiff requests a trial by jury of all issues triable to a jury.

### JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

3. Southern Company Services, Inc. ("Defendant" or "SCS") employed the Plaintiff in Jefferson County, Alabama where the events or omissions giving rise to the Plaintiff's claims occurred. Therefore, venue in the Northern District of Alabama is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4. The Plaintiff, Craig F. Hughes is a Caucasian male over the age of 19 years. He is an Alabama resident and was an employee of the Defendant for purposes of Title VII, 42 USC 2000e(f).

5. Upon information and belief, Southern Company Services, Inc., is an Alabama corporation with offices in Birmingham, Alabama that provides administrative and operational support services to all of Southern Company's operating divisions. It operates an Accounts Payable Department located at 600 N 18th Street, Birmingham, Alabama where Plaintiff was employed.

6. At all relevant times herein, Defendant engaged in commerce in Jefferson County, Alabama, where the events and omissions giving rise to the Plaintiff's claims occurred.

7. At all relevant times herein, Defendant employed more than 15 employees and is therefore considered an employer for purposes of Title VII, 42 USC 2000e(b).

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff timely submitted his charge of discrimination to the EEOC in this matter on February 23, 2017. The EEOC issued a Notice of Right to Sue March 8, 2017 which is attached hereto as Exhibit "A." This Complaint is filed within ninety (90) days of Plaintiff's receipt of his EEOC Notice of Right to Sue.

## STATEMENT OF FACTS

9. Plaintiff was a hired by Defendant in April of 2005 in its Internal Audit division. At the time he was hired he had a master's degree in Business Administration and twenty years of experience in accounting and business administration.

10. Mr. Hughes was promoted numerous times during his tenure at SCS and was a Manager in the Accounts Payable Department at the time of his termination and at all times relevant to this complaint. His performance evaluations were always good. Before his termination, Mr. Hughes had never received any discipline and, in fact, had received various excellence awards, which included projects relating to BTU Accounting and Oracle V12 implementation. In the 11 years that he worked at SCS, he never received any form of disciplinary counseling or write ups for any reason and his expense account reimbursements and timekeeping had never been questioned.

11. Unfortunately, at Southern Company Services, a bias against males has developed whereby female employees are favored over male employees. Females are given favorable treatment, mentors and other advantages to groom them for promotion. SCS has an aggressive agenda for promoting females which has now resulted in biased investigations and employment decisions. Therefore, a discriminatory atmosphere has developed which is hostile to male employees and male managers in particular. Southern Company has an aggressive agenda to weed white males out of management positions so that these positions can be filled with females and/or minorities.

12. Despite Mr. Hughes' work record, he was unlawfully terminated on September 1, 2016 as result of a biased investigation and decision making process.

13. Defendant has an anonymous concern program which allows any employee to make anonymous accusations against another employee at any time. . The system is flawed and invites slander in that an accused employee is not given full disclosure of the allegations in a fair and unbiased manner which would allow the employee to respond and defend himself.

14. In June of 2016, Plaintiff was informed that he was the subject of an anonymous concern.

15. Plaintiff was called in for an interview with Concerns Investigator, Sherry Lunsford.

16. He requested to have a witness present for the interview, but that request was denied and approximately 10 minutes into the interview, Ms. Lunsford abruptly locked the door.

17. During the interview Plaintiff was told that there had been an anonymous concern filed against him with 65 items of complaint, but he was not shown the anonymous concern, nor was he given a copy of the specific allegations or even specifically told what each concern was. Instead he was asked a barrage of seemingly unrelated questions.

18. After the interview approximately 60 days passed in which he was allowed to continue working. During this time, there was no communication or follow up from the investigator and Mr. Hughes was never given a full opportunity to defend himself.

19. On September 1, 2016 he was unlawfully terminated as a result of the biased investigation and decision making processes which existed at SCS. After 11 years

and an unblemished record, he was terminated for alleged self-admitted expense and timekeeping violations, which he denies. The reasons given for the termination were a pretext for discrimination and he was in fact replaced by a female employee who was less qualified for the position.

20. Plaintiff never committed, much less admitted to any expense violation, time-keeping violation or other alleged violations, and, importantly, was never given any specific act or date for the alleged violations so as to enable him to defend himself. Further, upon information and belief, similarly situated female employees were not subject to the same treatment.

21. Kim Greene, COO of Southern Company Services, started a program where high-ranking female executives met with lower level female employees who were considered "management material" to groom them for promotion. Males at Southern Company Services are not provided with any similar grooming or mentoring programs.

22. Additionally, there have been numerous occasions where programs and speakers at Southern Company and its subsidiaries aggressively promoted an agenda favorable to females and minorities in a manner that raised race and gender considerations above actual qualifications.

## COUNT I
## TITLE VII – RACE/SEX DISCRIMINATION

23. The Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of his Complaint as if fully set out herein.

24. Title VII of the Civil Rights Act of 1964, as amended, prohibits employment discrimination on the basis of race and or sex. It is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to the person's compensation, terms, conditions, or privileges of employment because of the individual's race or sex. 42 USC §2000e-2(a).

25. The Defendant violated Title VII by discriminating against the Plaintiff because of his race and/or sex in the terms and conditions of his employment by terminating his employment, while treating other similarly situated individuals outside of his class more favorably.

26. As the proximate result of the acts and omissions of the Defendant, the Plaintiff suffered damages, including loss of past and future earnings, benefits, interest, costs and other pecuniary loss. He has also suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, discomfort and anxiety.

27. The Defendant's discriminatory actions were intentional and done with malice and/or reckless indifference to Plaintiff's federally protected rights and emotional and physical well-being.

28. Plaintiff therefore seeks relief in order to make him whole in the form of compensatory damages for the wrong endured and punitive and/or nominal damages as determined by the jury. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and all other damages allowed by law.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such damages which are allowed by law to redress the wrongs committed in violation of Title VII.

Respectfully submitted this 1st day of June, 2017.

_____
Ashton Ott (ASB-7085-E58A)
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:   334/793-2424
Fax:   334/793-6624

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

_____
Ashton H. Ott

**SERVE DEFENDANT AT:**
Southern Company Services, Inc.
c/o Corporation Services Company Inc.
641 South Lawrence Street
Montgomery, AL 36104